# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **PORIFIRIO ALEQUINE et al.** | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 11-00008-PD |
| | : | |
| JAMES M. BAKER et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

I.  **Background**

On January 4, 2011, Plaintiffs—six Wilmington police officers and Wilmington Lodge #1 Fraternal Order of Police—filed this action for declaratory, injunctive, and monetary relief against the City of Wilmington and its Mayor, its Director of Human Resources, and its Chief of Police in their individual and official capacities. *(Doc. No. 1.)* Plaintiffs allege that Defendants implemented a politically motivated Expenditure Reduction Plan to demote Plaintiff-Officers without due process in violation of the Delaware and U.S. Constitutions and various state and local regulations.

On January 31, 2011, Defendants filed a Motion to Dismiss, arguing that I should dismiss (1) Plaintiffs' § 1983 claims because Plaintiff-Officers lost their ranks as a result of a *bona fide* governmental reorganization, and failed to avail themselves of post-deprivation remedies; (2) Plaintiffs' claims against Defendant Gonzalez-Gillespie because Plaintiffs did not show an "affirmative link" between her and the alleged constitutional violation; and (3) Plaintiffs' state and local law claims in the interest of judicial economy. *(Doc. No. 6.)* Defendants also ask me

to find that Mayor Baker is entitled to absolute immunity and the individual Defendants are entitled to qualified immunity. *(Id.)*

On March 8, 2011, Plaintiffs responded, arguing that: (1) the "reorganization exception" does not protect Defendants that implemented a plan—not as a cost-saving measure—but for political reasons; (2) Plaintiff-Officers were entitled to a *pre-deprivation* (not a post-deprivation) hearing; and (3) Plaintiffs' allegations of politically motivated acts foreclose immunity defenses at this stage. *(Doc. Nos. 9.)* Plaintiffs did not respond to Defendants' arguments respecting Defendant Gonzalez-Gillespie's culpability and supplemental jurisdiction over state law claims.

As discussed during the March 31, 2011 Chambers conference, I will dismiss Plaintiffs' Complaint without prejudice and with leave to amend. Accordingly, I will defer ruling on Defendants' entitlement to absolute or qualified immunity.

II. Legal Standards

In evaluating Defendants' Motion to Dismiss, I must accept as true Plaintiffs' well-pled factual allegations and draw all reasonable inferences in Plaintiffs' favor. See Fed. R. Civ. P. 12(b)(6); *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002). The question is not whether Plaintiffs ultimately will prevail on their due process claim, but whether their Complaint is "sufficient to cross the federal court's threshold." Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011).

III. <u>Analysis</u>

　A. Reorganization exception

Defendants acknowledge that Plaintiff-Officers "could not generally be reduced in rank absent due process," *(Doc. No. 7 at 6)*, but nonetheless ask me to dismiss Plaintiffs' § 1983 claims based on "a limited 'reorganization exception' to due process that eliminates the need for a hearing where a reorganization or other cost-cutting measure results in the dismissal of an employee." <u>Whalen v. Massachusetts Trial Court</u>, 397 F.3d 19, 24 (1st Cir. 2005).

The Third Circuit has not adopted the reorganization exception. <u>Baker v. Borough of Port Royal, PA</u>, No. 06-CV-932, 2007 WL 1576439, at *6 (M.D. Pa. May 30, 2007). In any event, the exception does not apply here. Plaintiffs allege that Defendants implemented the Plan for "'political' reasons," and "arbitrarily demoted" high-ranking officers despite the Collective Bargaining Agreement's requirement that layoffs begin with the *least senior* employees. *(Doc. No. 1 at 7-8.)* Plaintiffs also allege that the City saved "less than one half the starting annual salary" of a Patrol Officer by demoting two Lieutenants and four Sergeants. *(Id. at 7.)* These allegations raise factual questions as to whether Defendants engaged in "a bona fide government reorganization or kindred cost-cutting measure." <u>Hartman v. City of Providence</u>, 636 F. Supp. 1395, 1410 (D. R.I. 1986); <u>see also</u> <u>Martinez-Morales v. Lopez</u>-Sanchez, No. 09-CV-1845, 2010 WL 5184790, at *5 (D. Puerto Rico Dec. 22, 2010) ("[T]he 'reorganization exception' does not apply where plaintiffs have raised a genuine dispute that the reorganization or cost-cutting was merely pretext masking a termination 'for cause' or for an impermissible motive.").

Accordingly, I cannot dismiss the § 1983 claims based on the reorganization exception.

### B. Failure to pursue post-deprivation remedies

Defendants argue, in the alternative, that I should dismiss the § 1983 claims because Plaintiffs failed to avail themselves of the CBA's grievance procedures. *(Doc. No. 7 at 8-9.)*

"[T]o state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him . . . , unless those processes are unavailable or patently inadequate." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000); see also Reilly v. City of Atlantic City, 532 F.3d 216, 235 (3d Cir. 2008) ("[T]aking advantage of available processes is not a procedural hurdle, but is akin to an element of the claim."). Although due process generally requires a pre-deprivation hearing, a plaintiff is "obligat[ed] to follow post-deprivation procedures before filing suit for an alleged violation of his/her right to pre-deprivation procedures." Reilly, 532 F.3d at 236; see also Zinermon v. Burch, 494 U.S. 113, 132 (1990) (requiring pre-deprivation process where feasible).

Plaintiff-Officers have failed to allege that they availed themselves of any post-deprivation procedures or that Defendants' "facially adequate" post-deprivation remedy (the CBA's grievance procedure) was "unavailable" or "patently inadequate." Alvin v. Suzuki, 227 F.3d at 116, 118 ("When access to procedure is absolutely blocked or there is evidence that the procedures are a sham, the plaintiff need not pursue them to state a due process claim."); see also Dykes v. Southeastern Pennsylvania Transp. Authority, 68 F.3d 1564, 1572 (3d Cir. 1995) ("[G]rievance procedures outlined in collective bargaining agreements can satisfy due process requirements."). Accordingly, I will dismiss Plaintiffs' § 1983 claims with leave to amend their Complaint to cure this deficiency. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—

irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").

### C. Claims against Defendant Gonzalez-Gillespie

Having dismissed Plaintiffs' § 1983 claims for failure to state a due process violation, I will deny as moot Defendants' Motion to Dismiss insofar as Defendants argue that Plaintiff has failed to state a claim against Defendant Gonzalez-Gillespie. Defendants may renew their Motion after Plaintiffs file an Amended Complaint.

### D. Immunity defenses

Defendants argue that Mayor Baker is entitled to absolute immunity, and all the individual Defendants are entitled to qualified immunity. *(Doc. No. 6.)* These defenses are available to Defendants only in their individual capacities. Hafer v. Melo, 502 U.S. 21, 25 (1991) ("[O]fficials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law."); Kentucky v. Graham, 473 U.S. 159, 167 (1985) ("The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment.").

Immunity questions should be resolved "at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991). A court may determine, on a motion to dismiss, that a defendant is entitled to an immunity defense "only when the immunity is established on the face of the complaint." Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001); see also Wilson v. Rackmill, 878 F.2d 772, 776 (3d Cir. 1989).

1. Absolute immunity

"Local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities." Bogan v. Scott-Harris, 523 U.S. 44, 54 (1998); see also id. at 55 ("[The Mayor's] introduction of a budget and signing into law an ordinance also were formally legislative, even though he was an executive official. We have recognized that officials outside the legislative branch are entitled to legislative immunity when they perform legislative functions . . . ."). In evaluating whether an act is "legislative," courts consider "the nature of the act, rather than . . . the motive or intent of the official performing it." Id. at 54; Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 773 (3d Cir. 2000) ("In determining whether an official is entitled to legislative immunity, we must focus on the nature of the official's action rather than the official's motives or the title of his or her office.").

Although Plaintiffs attribute the Expenditure Reduction Plan to Mayor Baker, their Complaint does not state Mayor Baker's role in promulgating the Plan. Accordingly, I will direct Plaintiffs to include, in their Amended Complaint, a more definite statement of Mayor Baker's involvement with respect to the Plan so that I may determine, at the earliest possible stage, whether he has an immunity defense. Cf. Thomas v. Independence Township, 463 F.3d 285, 288, 301 (3d Cir. 2006) ("Even when a defendant has not formally expressed the need for a definite statement, the district court has the discretion to order a more definite statement, in observance of the Supreme Court's mandate to facilitate an early resolution of the qualified immunity issue and in order to avoid a waste of judicial resources.").

2. Qualified immunity

Qualified immunity protects a governmental official from personal liability for acts that do not "violate clearly established statutory or constitutional rights of which a reasonable person

would have known.'" Behrens v. Pelletier, 516 U.S. 299, 305-306 (1996). In evaluating whether a defendant is entitled to qualified immunity, the court must first determine "whether a constitutional right was violated, and second, whether that right was 'clearly established' at the time of the alleged misconduct." Ansell v. Ross Twp. Penn., No. 10-1402, 2011 WL 1088752, at *2 (3d Cir. Mar. 25, 2011).

As I have stated, Plaintiff-Officers have not shown that they availed themselves of post-deprivation remedies or that such remedies were unavailable or patently inadequate. See Alvin, 227 F.3d at 116. Accordingly, Plaintiffs have not demonstrated that "a constitutional right was violated." Reilly, 532 F.3d at 235 ("[Plaintiff] did not attempt to invoke any of the post-deprivation procedures available to him, nor does he contest their adequacy. Therefore, he cannot state a valid procedural due process claim as a matter of law.").

I must, however, allow Plaintiffs to amend their Complaint to cure this deficiency. See Fletcher-Harlee Corp., 482 F.3d at 251. Because Plaintiffs may yet allege facts to show that a "constitutional right was violated," a qualified immunity determination at this stage is premature. See Thomas, 463 F.3d at 300 ("[W]hen a complaint . . . does not provide the necessary factual predicate for such a determination," the court "must avail itself of the procedures available under the Federal Rules to facilitate an early resolution of the qualified immunity issue.").

Having dismissed Plaintiffs' § 1983 claims, I will deny as moot Defendants' Motion for Awards of Immunity. I will direct Plaintiffs to file a more definite statement in anticipation of Defendants renewing their Motion so that I may resolve the immunity questions at the earliest possible stage in the litigation.

### E. State and local law claims

Having dismissed Plaintiffs' federal claims, I will dismiss Plaintiffs' state and local law claims (Counts III-V) without prejudice. 28 U.S.C. § 1367(c)(3) (2006). Plaintiff may reassert his state and local law claims in his amended filing. Cf. Plasko v. City of Pottsville, 852 F. Supp. 1258, 1267 (E.D. Pa. 1994) ("[W]e will decline to exercise supplemental jurisdiction over the plaintiff's state law claims and will dismiss them without prejudice to plaintiff's right to reassert them as supplemental claims in an amended complaint in this court, or in state court if no amended complaint is filed in this court.").

## IV. Conclusion

**AND NOW**, this 11th day of April, 2011, it is **ORDERED** as follows:

1. Defendants' Motion to Dismiss *(Doc. No. 6)* is **GRANTED.** Defendants' Motion for an Award of Immunity is **DENIED as moot.**

2. Plaintiffs' Complaint *(Doc. No. 1)* is **DISMISSED without prejudice.** Plaintiffs shall, by **April 21, 2011**, file an Amended Complaint that includes a more definite statement of their claims.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.

8